

A statute of limitations by its nature contains an element of harshness because it is meant to foreclose suit by the mere passage of time. Equitable tolling may in some cases alleviate the apparent harshness of a statute of limitations, but it is an extraordinary remedy used by courts only sparingly. *See Irwin,* 498 U.S. at 96. For example, it may be applied in cases in which the complainant has been tricked or induced by his adversary's misconduct. *Id.* This is not such a case. By September 1997, the Goetzes had notice that the statutory deadline for filing their claim had already passed, yet they waited until March 1999 to file their petition. Neither the Goetzes' search for legal representation nor their hope that Congress would amend the statute of limitations justifies an eighteen-month delay in filing their already-barred claim. On the facts of this case, we cannot say that the conclusion that the Goetzes failed to exercise due diligence in filing their petition was error. Accordingly, we must affirm the judgment of the Court of Federal Claims.

**Daniel W.R. LIGHTBURN, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 00–3445.

United States Court of Appeals, Federal Circuit.

Jan. 25, 2001.

ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1), and to file the required Statement Concerning Discrimination, and to file the brief required by Federal Circuit Rule 31(a) within the time permitted, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**Santiago Delos REYES, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 01–3069.

United States Court of Appeals, Federal Circuit.

Jan. 25, 2001.

ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1), and to file the required Statement Concerning Discrimination, and to file the brief required by Federal Circuit Rule 31(a) within the time permitted, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**Robert M. TRAVIS, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 01–3105.

United States Court of Appeals, Federal Circuit.

Jan. 25, 2001.

Order Vacated, See 2001 WL 253382.

ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) and to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**Earl J. ALEXANDER, Petitioner,**

v.

**DEPARTMENT OF DEFENSE, Respondent.**

No. 01–3106.

United States Court of Appeals, Federal Circuit.

Jan. 25, 2001.

ORDER

The petitioner having failed to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**The SPORTS AUTHORITY MICHIGAN, INC., by merger with Intelligent Sports, Inc. and the Sports Authority, Inc., Appellants,**

v.

**HANOVER CATALOG HOLDINGS, INC. and Hanover Direct, Inc., Appellees.**

No. 01–1086.

United States Court of Appeals, Federal Circuit.

Jan. 26, 2001.

ORDER

The parties having so agreed, it is